**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL JOSEPH MCGRATH, | ) | Case No. 15-00102-dd |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| Michelle L. Vieira, Chapter 7 Trustee for Michael Joseph McGrath, | ) | |
| | ) | |
| | ) | Adv. Pro. No. 15-80030 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Shannon C. McGrath, Susan C. McGrath, and Nationstar Mortgage, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

THIS MATTER comes before the Court on a Motion to Dismiss ("Motion") filed by defendant Nationstar Mortgage, LLC ("Nationstar" or "Defendant") and the response of Michelle L. Vieira, chapter 7 trustee for Michael Joseph McGrath ("Trustee" or "Plaintiff"). The Court held a hearing on the Motion on May 19, 2015, and requested supplemental briefing from the parties, which they timely provided.

Nationstar seeks to dismiss the Trustee's cause of action requesting an order avoiding the transfer of an interest in property by way of an encumbrance created by a mortgage from Michael Joseph McGrath, Shannon C. McGrath, and Susan C. McGrath in favor of U.S. Mortgage Corporation, Nationstar's predecessor. Trustee claims the mortgage does not reflect execution in the presence of two witnesses, as required by South Carolina law, and should not have been recorded in the public records. As a result, she asserts that a patent defect exists on the face of the document and that it does not afford her constructive notice of the lien. Having heard the arguments

1

of the parties, considered the relevant evidence, and reviewed the applicable law, the Court grants

Nationstar's Motion.

## I.        Facts and Procedural History

On May 19, 2008, debtor Michael Joseph McGrath, along with defendants Shannon and

Susan McGrath, signed a mortgage in favor of U.S. Mortgage Corporation, Nationstar's

predecessor in interest. Below the lines for the signatures of the McGrath borrowers are two

witness signature lines. Above one line is the signature of a witness. Above the other line is what

the Trustee refers to as an "ink mark." An image of the pertinent portion of the mortgage document

follows:

At issue is whether there is evidence that the mortgagors signed the document in the presence of two witness, thus permitting recording under S.C. Code Ann. § 30-5-30.

## II.     Legal Standard

Fed. R. Civ. Pro. 8(a)(2)[1] requires a pleading requesting relief to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A party may challenge the sufficiency of this pleading by filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)[2]. *Edwards v. City Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief [is] … a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679; *see also Harman v. Unisys Corp.*, 356 Fed. Appx. 638, 640 (4th Cir. 2009). The test for the Trustee's complaint is whether its facts, including the "ink mark" above a witness line, are sufficient to state a cause of action for avoiding the mortgage.

## III.     Discussion

The Trustee has the rights of a bona fide purchaser or judicial lien holder and can avoid liens that would be void as to either under state law. 11 U.S.C. § 544(a). South Carolina law is applicable. The Trustee argues that Nationstar's mortgage is invalid as to a bona fide purchaser

---

[1] Made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7008.

[2] Made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7012.

because the mortgage document does not comply with S.C. Code Ann. § 30-5-30. Compl., ¶¶ 57 – 65.

South Carolina requires one of two methods of execution as a prerequisite to recording a deed or other instrument in writing. The form mortgage at issue follows the second method of proof of execution permitted by the statute:

> A deed or other instrument must be signed by the grantor, mortgagor, vendor, or lessor and the signing must be acknowledged by the grantor, mortgagor, vendor, or lessor in the presence of two witnesses, taken before some officer within this State competent to administer an oath.

S.C. Code Ann. § 30-5-30(B) (1976). Mortgages not executed in compliance with the statute are not valid as to "subsequent creditors or purchasers for valuable consideration without notice … ." *Id*. § 30-7-10; *see Leasing Enters., Inc. v. Livingston and Schlee*, 363 S.E.2d 410, 412 (S.C. App. 1987); *In re Spencer*, 354 B.R. 758, 763 (Bankr. D.S.C. 2006). A mortgage is improperly recorded if it contains an obvious, material irregularity, such as the signature of only one witness. *Livingston*, 363 S.E.2d at 209. If the Nationstar mortgage is acceptable for recording, the Trustee's status as a judicial lien creditor or bona fide purchaser is subordinate to Nationstar's superior lien as a result of the constructive notice afforded by the public records.

The Trustee argues she can avoid the mortgage because "[i]t is impossible to tell from the face of the Mortgage if a second witness was present." Compl. ¶ 58. In support of her position, the Trustee cites *Gordon v. Ameritrust Mortgage Co., LLC et al. (In re Nesbitt)*, Case No. 09-72233-WLH, Adv. Pro. No. 11-5251, 2013 WL 5276054 (Bankr. N.D. Ga. 2013). There, the court invalidated a mortgage because the signature line for the witness contained the handwritten word "Cobb," which was clearly part of the notary's signature block indicating his county of residence. *Id*. at *2. She also cites *Gordon v. Wells Fargo Bank, N.A. (In re Knight)*, 504 B.R. 668 (Bankr. N.D. Ga. 2014), where the court invalidated a security deed because the deed itself lacked the

proper signatures, despite there being appropriate signatures on the exhibits to the deed. *Id*. at 672 – 73. In both of these cases, the court held that the mortgages were improperly recorded because they were facially defective.[3]

The Court does not read either case as supporting the Trustee; conversely, both provide the Court with examples of improperly recorded mortgages that are distinguishable from this case. The mark on the signature line here is not a notation obviously referring to something else, nor is the signature line itself completely blank. It contains, as the Trustee asserts, an illegible ink mark. An illegible ink mark may well be a signature. *See* "signature," *Black's Law Dictionary* (9th ed. 2009) (defining a signature as "[a]ny name, mark or writing used with the intention of authenticating a document"); *see also Hamdi Halal Market, LLC v. U.S.*, 947 F.Supp.2d 159, 164 (D. Mass. 2013) ("Requiring a specific method of a mark would focus on form instead of function … [t]he law demands only demonstration of a person's intent to authenticate a document as her own in order for the document to be signed.") (discussing a signature requirement on a letter from a governmental agency). The South Carolina Commercial Code defines the term "signed" to include "using any symbol executed or adopted with present intention to adopt or accept a writing." S.C. Code Ann. § 36-1-201(b)(37) (2014). While some further inquiry may be required to identify the witness and his or her intention, the need for further inquiry alone does not render the mortgage improperly recorded. *See Spencer*, 354 B.R. at 765 (noting that when a document is presented to a clerk to record "which is regularly on its face … its record operates as constructive notice to third persons, notwithstanding there may be a hidden defect in the acknowledgment.").

---

[3] The Trustee also cited in *In re Schwartz*, 366 B.R. 265 (Bankr. D. Mass. 2007). There, the court invalidated a foreclosure sale because the lender could not provide evidence that it owned the mortgage when the sale occurred. *Id*. at 270. In the opinion, the court notes, in a footnote discussing the documents submitted in the case, that one of the assignments is signed by "little more than a very large check mark" with a stamp of an individual's name below it. *Id*. at 268 n.6. This footnote appears to be nothing more than an observation about the evidence submitted.

The Trustee's argument that the mortgage is avoidable centers around what she characterizes as S.C. Code Ann. § 30-5-30's requirement that the document contain two witness signatures. However, the statute does not specifically require two legible, well-penned signatures; it requires that the document "be signed by the grantor … and … acknowledged by the grantor … in the *presence* of two witnesses." S.C. Code Ann. § 30-5-30 (emphasis added). South Carolina law generally infers witness signatures on documents to evidence the presence of the witnesses at the time of the execution of the document. *See Spencer*, 354 B.R. at 763 (holding that the mortgage was improperly recorded because it did not contain two witness signatures and the evidence demonstrated that two witnesses were not present). South Carolina law also recognizes many ways of signing documents, including electronic signatures, *see* S.C. Code Ann. § 26-6-70 (1976) (electronic signatures and records are legally valid), signatures by mark, *see id*. § 26-1-90(F) (recognizing notarizing signatures by mark), and, more broadly and as noted *supra*, using "any symbol executed or adopted with present intention to adopt or accept a writing." *Id*. § 36-1-201(b)(37) (defining "signed" for the purposes of the South Carolina Commercial Code). This recognition of different forms of signatures, combined with the lack of an explicit signature requirement as a prerequisite to recording, leads the Court to conclude that it should not make a subjective signature determination when, as here, there is a mark on the signature line that could be intended as a signature or other evidence of presence at the execution of the document.

South Carolina legislative history supports this position. In 1997, a bill was introduced requiring documents submitted for recording to include the typewritten or printed names of all signatories. Senate Bill S.822 (1997). That bill did not become law. As a result, South Carolina law simply contains no requirement that signatories to documents be identified along with their signature. The law of other states is in accord. *See Rogan v. Equifirst Corp. (In re Vickers)*, Case

No. 11-52816; Adv. Pro. 12-5028; 2013 WL 1619814 at*4 (Bankr. E.D. Ky. 2013) (slip op.) (holding that because the statute did not require identifying the signatory, an illegible signature above a crossed-out name did not invalidate an indorsement).

The South Carolina Supreme Court has stated that

> An instrument purporting to be a mortgage but imperfectly executed by the omission of a seal, or in some other manner, so as to be defective in form is wholly nugatory at law as a valid mortgage … [e]quity, however … declares that it is an efficient agreement to give a mortgage, and as such creates an equitable lien upon the land, valid for all purposes, and against all parties, except a purchaser of the land for a valuable consideration and without notice.

*Livingston*, 363 S.E.2d at 209 (quoting *Young v. Young*, 3 S.E. 202, 205 (1887)). The mortgage here is not one that is "defective in form" by "the omission of a seal" or some other requirement that must be on the document. It has an illegible scribble above a witness line that may lead to an attack as to whether the mortgage was executed in the presence of two witnesses. That issue, however, is not what the Trustee pleads as her cause of action. The Trustee's pleading narrowly asks the Court to avoid the mortgage because the ink mark cannot form sufficient evidence of the presence of a second witness to permit recording in the public record. South Carolina law does not extend this far. The mortgage was proper for recording and provides constructive notice to a bona fide purchaser or judicial lien creditor. The Trustee has failed with this complaint to state a claim for avoiding it. This is not to say that good penmanship is unimportant, nor does it prevent attack based on the illegible signature under some other theory. The ink mark is simply a sufficient indication of the presence of a second witness to require dismissal of Trustee's cause of action when it is based on the theory that the ink mark is no evidence of the presence of a second witness. Nationstar's Motion is granted.

## IV.    Conclusion

The Trustee fails to state a claim upon which relief can be granted because the mortgage is not facially defective as not executed in the presence of two witnesses. Count III of the Trustee's complaint is dismissed without prejudice. Pursuant to Fed. R. Bankr. P. 7012(a), the Trustee has fourteen (14) days to amend her complaint should she wish to pursue some other theory.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**06/11/2015**



David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

Entered: 06/12/2015